JP:RCH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

PETER FERRELL,

    Defendant.

- - - - - - - - - - - - - -X

15 M 535

COMPLAINT

(T. 18, U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

    JOHN ROBERTSON, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    On or about and between September 3, 2014, and March 1, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PETER FERRELL did knowingly receive any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

    (Title 18, United States Code, Section 2252(a)(2)).

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2006. I am currently assigned to a Crimes Against Children squad and have investigated violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training in classes and daily work related to these types of investigations. As a result of my training and experience, I am familiar with the techniques and methods used by individuals involved in criminal activity to conceal their activities from detection by law enforcement officers. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3. A website ("Website A") was operated on a network ("the Network") available to Internet users who are aware of its existence. The Network is designed specifically to facilitate anonymous communication over the Internet. Websites that are accessible only to users within the Network can be set up within the Network and Website A

3

was one such website. Website A could not generally be accessed through the traditional Internet. Only a user who had installed the appropriate software on the user's computer could access Website A.

    4. Website A was a child pornography bulletin board and website dedicated to the advertisement and distribution of child pornography and the discussion of matters pertinent to the sexual abuse of children, including the safety and security of individuals who seek to sexually exploit children online. On or about February 20, 2015, the computer server hosting Website A was seized from a web-hosting facility in Lenoir, North Carolina. Between February 20, 2015, and March 4, 2015, law enforcement agents acting pursuant to an order of the United States District Court for the Eastern District of Virginia monitored electronic communications of users of Website A.

    5. According to data obtained from logs on Website A and monitoring by law enforcement, a user with the user name "plowden23" originally registered an account on Website A on September 3, 2014. Between September 3, 2014 and March 1, 2015, the user "plowden23" actively logged into Website A for a total of 216 hours. During this activity, the user "plowden" accessed numerous posts on Website A containing sexually explicit images of prepubescent females. For example, on February 26, 2015, the user "plowden23" accessed Website A using the IP address 67.243.156.191, specifically the post entitled "Valya thread" in the section "Pre-teen Videos>>Girls HC." Based upon my training and experience, I know that "HC" is a common acronym for "hardcore." Among other things, this post contained a set of 16 images that depicted a prepubescent female, wearing white stockings with a hole cut in the genital area. Several of the images depict the prepubescent female engaged in genital intercourse with an adult male.

6. Open source database searches revealed the IP address 67.243.156.191 was registered to Time Warner Cable.

7. Records obtained from Time Warner Cable, in response to a subpoena, showed that the IP address 67.243.156.191 during the pertinent time frame described above was registered to an individual ("Individual 1"). The address that Time Warner Cable had associated with Individual 1 was located in Brooklyn, New York (hereinafter the "Brooklyn Address").

8. On June 11, 2015, FBI agents executed a search warrant, issued on June 10, 2015 by the Honorable Victor V. Pohorelsky, at Individual 1's residence, the Brooklyn Address.

9. Individual 1 was present when FBI agents executed the search warrant. Agents provided a copy of the search warrant and items to be seized to Individual 1 to read. The agents informed Individual 1 that they were there to execute the search warrant. Agents advised Individual 1 that any statements made to agents were voluntary, and that he was free to leave at any time. Individual 1 subsequently advised agents, in sum and substance and in part, that he lived at the Brooklyn Address and that he rented one of the bedrooms at the Brooklyn Address to the defendant PETER FERRELL. Individual 1 subsequently identified FERRELL's bedroom to agents.

10. Thereafter, agents recovered from FERRELL's bedroom a laptop computer, attached to which was an external hard drive. Pursuant to the aforementioned search warrant, agents performed a preliminary review of the laptop computer, and determined that the laptop computer contained the necessary software to access the Network and Website A. The agents also performed a preliminary review of the external hard drive, and discovered that it

5

contained approximately 2,853 computer files. A preliminary review of those files indicate that the majority of those files contained child pornography images and videos. Agents reviewed a number of those files, including:

      a. **Valya-21.avi** is a video file that is approximately 25 minutes and 33 seconds in length depicting a young child that appears to be approximately nine years old. The young child undresses and sits on a chair nude with her legs spread. An adult male then enters the room and digitally penetrates her anus. He then engages in anal intercourse with the young child, and then ejaculates on her buttocks and lower back.

      b. **SP_023.jpg** is an image in a series of approximately 31 photographs depicting a young child that appears to be approximately eight years old. In this particular photograph, the young child is nude below the waist and is bent over, exposing her genitals and anus. An adult male is spreading her anus.

      c. **11 yo girl and dog.avi** is a video file that is approximately 34 minutes in length depicting a young child that appears to be approximately twelve years old. The young child is lying on a bed and is nude below the waist with her legs spread apart. A dog is licking her genitals and anus.

11. Thereafter, FBI agents met with FERRELL. Agents advised the defendant that they wanted to discuss the files containing child pornography images and videos that were recovered from the external hard drive in the defendant's bedroom at the Brooklyn Address. Agents also advised the defendant that any interview was voluntary, and that he was free to leave at any time, but that any statements made to agents must be truthful. Thereafter, the defendant agreed to speak with the FBI agents.

12. The defendant subsequently advised agents, in sum and substance and in part, that he resided at the Brooklyn Address, that the laptop computer and external hard drive recovered from the Brooklyn Address belonged to him, and that he was responsible for downloading the child pornography images and videos that were discovered on the external hard drive. The defendant also advised that he had been a member of Website A, that he was

6

familiar with the username "plowden23," and had frequently accessed Website A to view and download child pornography images and videos. The defendant further advised that he continued to access and download child pornography images and videos using a separate website on the Network.

13. FBI agents then placed the defendant under arrest.

WHEREFORE, your deponent respectfully requests that the defendant PETER FERRELL be dealt with according to law.

_____
John Robertson
Special Agent
Federal Bureau of Investigation

Sworn to before me this
11th day of June, 2015

_____
THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK